357 So.2d 169 (1978)
Sonia JACOBS a/K/a Sonia Linder, Appellant,
v.
STATE of Florida, Appellee.
No. 50175.
Supreme Court of Florida.
March 16, 1978.
*170 Ray Sandstrom of Sandstrom & Haddad, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Michael J. Satz, State's Atty., and Linda DeBene, Asst. State's Atty., Fort Lauderdale, for appellee.
PER CURIAM.
This cause is pending before this Court on direct appeal from two convictions of murder in the first degree and sentences of death, and conviction of kidnapping and sentence of life imprisonment.
After notice of appeal was filed with this Court, appellant filed an application for stay and for leave to file an extraordinary motion for new trial in the nature of a petition for writ of error coram nobis, alleging, inter alia, that the petition is predicated upon newly discovered evidence which could have precluded the conviction of appellant, to wit, evidence as it relates to her co-defendant, Walter Rhodes, having specifically stated on more than one occasion after appellant's conviction that it was he who fired the shots.
The State has responded that the issue now alleged as a basis of appellant's application is not newly discovered evidence, but rather, the facts now alleged by appellant were the appellant's defense at trial and were presented, cross-examined, argued and adjudicated. Appellee contends that at the time of entering the negotiated plea in this case, Rhodes admitted to having committed the homicides at issue.
Thereafter, this Court issued an order directing the trial judge to file a response with this Court stating whether he imposed the death sentence in consideration of any information not known to appellant and, in the event no such information was used, to affirmatively state the same in his response. Attaching a copy of the presentence investigation report to his response, the trial judge states that he has no knowledge as to whether the appellant had access to the attached report.
Subsequently, appellant filed a supplement to his motion for stay and leave to file an extraordinary motion for new trial, in which he alleges that pursuant to this Court's Gardner order of June 15, 1977, the sentencing judge, by response of July 5, 1977, provided counsel for appellant with a copy of a full presentence investigation report; that attached to the presentence investigation report is a confidential report of a polygraph examination of Walter Rhodes, which instrument, appellant contends, was never furnished defendant or her counsel nor were they otherwise made aware of it; that pursuant to Fla.R.Crim.P. 3.220(a)(2) *171 and 3.220(f), and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the State was compelled to disclose the same; and that these facts were not in the nature of redundant or cumulative testimony.
Appellee, in its reply to the supplement, acknowledges that the polygraph report attached to the presentence investigation report was not furnished to appellant or her counsel but is without knowledge as to whether counsel was aware of this report. Appellee, however, submits that this report was not subject to disclosure under the discovery rules and the failure to disclose said report was not a violation of a constitutional duty of the prosecution to disclose favorable and material information under Brady v. Maryland, supra. Appellee further discloses that contrary to appellant's allegations, the testimony of Walter Rhodes was not contrary to what he told the investigator who performed the polygraph examination, that an examination of the entire testimony of Rhodes reveals the absence of any contradiction between Rhodes' testimony and the narrative of his statement to the polygraph operator, and that the statements contained in the report are neither favorable to appellant nor material in the constitutional sense.
Initially, we find that the trial court's response to our order of June 15, 1977, is insufficient since, although the trial judge does admit utilizing the information in the presentence investigation report in determining the sentences to be imposed upon appellant, he also expressly states he has no knowledge as to whether the appellant had access to the presentence investigation report. In Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), the Supreme Court of the United States held that it is a denial of due process of law to impose the death penalty on the basis of information undisclosed to counsel for the appellant which the appellant had no opportunity to explain or deny. Because, from the response of the trial judge and the record before us, we are unable to determine whether appellant had an opportunity to explain or deny matters contained in the presentence investigation report, we must again relinquish jurisdiction to the trial court and direct the trial judge to make a factual finding as to whether the appellant, at the time of sentencing, had access to the presentence investigation report and whether she was given an opportunity to deny or explain its contents. If the trial judge determines that appellant did not have access to the report at sentencing and, therefore, did not have an opportunity to deny or explain, he shall now give appellant an opportunity to rebut the information contained in the presentence investigation report. As appears in her supplement to the motion for stay, appellant was furnished a copy of the presentence investigation report on July 5, 1977, when the trial court filed its original response to our Gardner order.
Furthermore, we direct the trial court to consider whether there has been a Brady violation, as contended by appellant. In Brady v. Maryland, supra, a statement of an accomplice admitting the actual homicide was withheld by the prosecution and did not become known to the defendant until after he had been tried, convicted, sentenced and his conviction affirmed on appeal. The Supreme Court held that suppression of this confession was a violation of the due process clause of the Fourteenth Amendment and concluded:
"We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution."
Accordingly, jurisdiction is temporarily relinquished to the trial court with directions to the trial judge to make findings as to whether appellant had access to the presentence investigation report during the sentencing phase and an opportunity to explain or deny, and whether there has been a Brady violation. If the trial court determines that appellant or her counsel did not have access to the presentence investigation report, which the trial judge admits that he *172 utilized in determining the sentences that were to be imposed upon appellant, the trial judge is instructed to conduct a new hearing.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.